UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

BUSHAWN SHELTON,

Defendant.

18 Cr. 609 (RJD)


# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO SUPPRESS EVIDENCE
# ILLEGALLY SEIZED


Susan K. Marcus
Elisa Y. Lee
Law Firm of Susan K. Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
susan@skmarcuslaw.com

*Attorneys for Bushawn Shelton*

## TABLE OF CONTENTS

*PRELIMINARY STATEMENT*........................................................................................*1*

*ARGUMENT*.................................................................................................................*2*

   **I.**   **The October 2018 Residence Warrant** ...............................................................**3**

      **A.**   **The Overbreadth of the Warrant as a Whole Renders It Invalid** ................... 5

      **B.**   **The Absence of Any Limit on the Places Within the Residence to be Searched Renders the Warrant Invalid**............................................................................... 6

      **C.**   **The Absence of Probable Cause and Particularity for Each of the Categories of Items to be Seized Renders the Warrant Invalid**........................................................7

      **D.**   **The Warrant Was Misleading** ....................................................... 16

      **E.**   **The Warrant Gave the Executing Officers Unbridled Discretion That Led to Further Fourth Amendment Violations** ......................................................... 19

   **II.**   **The October 2018 Vehicle Warrant** ........................................................ **21**

   **III.**   **The December 2018 Residence Warrant** .................................................**22**

   **IV.**   **Suppression Is Necessary to Deter Government Misconduct and Blanket Suppression Is Warranted**......................................................................**24**

*CONCLUSION*...........................................................................................................*25*

# TABLE OF AUTHORITIES

## Cases

*Accord United States v. Cardwell*, 680 F.2d 75 (9th Cir. 1982) ........................................................ 25

*Andresen v. Maryland*, 427 U.S. 463 (1976) ........................................................................................ 7

*Arizona v. Gant*, 556 U.S. 332 (2009) ................................................................................................. 9

*Brigham City v. Stuart*, 547 U.S. 398 (2006) ................................................................................... 24

*Byrd v. United States*, 138 S.Ct. 1518 (2018) ................................................................................... 21

*Coolidge v. New Hampshire*, 403 U.S. 443 (1971) ............................................................................. 7

*Florida v. Jardines*, 569 U.S. 1 (2013) .............................................................................................. 2

*Franks v. Delaware*, 438 U.S. 154 (1978) ................................................................................... 16, 17

*Groh v. Ramirez*, 540 U.S. 551 (2004) ............................................................................................. 24

*Horton v. California*, 496 U.S. 128 (1990) ...................................................................................... 23

*Illinois v. Gates*, 462 U.S. 213 (1983) ......................................................................................... 7, 22

*Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979) ....................................................................... 21

*Marron v. United States*, 275 U.S. 192 (1927) ............................................................................ 3, 23

*Massachusetts v. Shepherd*, 468 U.S. 981 (1984) .............................................................................. 3

*McDonald v. United States*, 335 U.S. 451 (1948) .............................................................................. 3

*Rivera v. United States*, 928 F.2d 592 (2d Cir. 1991) ............................................................... 11, 23

*Silverman v. United States*, 365 U.S. 505 (1961) .............................................................................. 2

*Stanford v. Texas*, 379 U.S. 476 (1965) ........................................................................ 2, 12, 13, 25

*United States v. Bridges*, 344 F.3d 1010 (9th Cir. 2013) ............................................................. 8, 14

*United States v. Cacace*, 796 F.3d 176 (2d Cir. 2015) .................................................................... 22

*United States v. Canfield*, 212 F.3d 713 (2d Cir. 2000) ............................................................. 16, 17

*United States v. Coreas*, 419 F.3d 151 (2d Cir. 2005) .................................................................... 16

*United States v. Galpin*, 720 F.3d 436 (2d Cir. 2013) .................................................................... 24

*United States v. George*, 975 F.2d 72 (2d Cir. 1992) ................................................................. 15, 24

*United States v. Leon*, 468 U.S. 897 (1984) ............................................................................... 19, 24

*United States v. Lucidonio*, No. 20-211, 2022 WL 789164 (E.D. Pa. Mar. 15, 2022) ...................... 10

*United States v. Markey*, 131 F. Supp. 2d 316 (D. Conn. 2001) .................................................... 20

*United States v. McMurtrey*, 704 F.3d 502 (7th Cir. 2013) ...................................................... 18, 19

*United States v. Medlin*, 842 F.2d 1194 (10th Cir. 1988) ............................................................... 25

*United States v. Rajaratnam*, 719 F.3d 139 (2d Cir. 2013) ....................................................... 16, 17

*United States v. Ramirez*, 523 U.S. 65 (1998) ................................................................................. 24

*United States v. Reilly*, 76 F.3d 1271 (2d Cir. 1996) ..................................................................... 19

*United States v. Shi Yan Liu*, 239 F.3d 138 (2d Cir. 2000) .................................................... 2, 3, 25

*United States v. Singh*, 390 F.3d 168 (2d Cir. 2004) ........................................................................ 7

*United States v. Voustianiouk*, 685 F.3d 206 (2d Cir. 2012) ........................................................... 3

*United States v. Wagner*, 989 F.2d 69 (2d Cir. 1993) ............................................................... 10, 23

*United States v. Wey*, 256 F. Supp. 3d 355 (S.D.N.Y. 2017) ................................................ 2, 3, 20, 25

*United States v. Zemlyansky*, 945 F. Supp. 2d. 438 (S.D.N.Y. 2013) ............................................... 2

*Walczyk v. Rio*, 496 F.3d 139 (2d Cir. 2007) ................................................................................................ 3

*Wong Sun v. United States*, 371 U.S. 471 (1963) .......................................................................................... 23

## Treatises

2 LaFave, *Search and Seizure*, § 4.6(a) (4th ed. 2004) .................................................................................7

## Constitutional Provisions

U.S. Const. amend. IV ...................................................................................................................................4

Defendant Bushawn Shelton, by and through undersigned counsel, respectfully moves this Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and the Fourth Amendment to the United States Constitution, to suppress evidence obtained as a result of unconstitutional searches and seizures conducted on October 11, 2018 and December 14, 2018, and such further relief as the Court may deem just and proper. A hearing is requested on this motion.[1]

## PRELIMINARY STATEMENT

The government violated Mr. Shelton's Fourth Amendment rights by seeking and executing unconstitutional general warrants of such breathtaking scope that they permitted the search of every corner of the residence and vehicle he shared with his family, and ransacked and seized nearly every tangible and intangible item that existed within them. One's home has historically held a significant place both in American society and jurisprudence. More than just walls and a roof, the home is a place of personal refuge and a domain of personal privacy. It is where we raise our children, take care of our grandparents, share the most intimate moments with our spouses, and are free to let our guard down, allowing for the development of deep personal relationships. This is precisely why the home was given prominence in Fourth Amendment protections, and why centuries of American law have striven to hold true to those protections.

The warrants here were general requests to search and seize every item that the government could find in Mr. Shelton's residence and vehicle in the hope that something useful would turn up. Tellingly, the warrants acknowledged that other individuals lived in the residence with Mr. Shelton and explicitly authorized the seizure of items that did not belong to Mr. Shelton or anyone else suspected of committing any crimes. They also included broad catch-all provisions and language that effectively authorized a free-for-all for the officers executing the search.

---

[1] Counsel reserves the right to supplement this motion upon disclosure of additional information.

1

The warrants that were used here to invade the sanctity of Mr. Shelton's family home were overbroad, insufficiently particular, and materially misleading. As such, the evidence gathered pursuant to them should be suppressed under the Fourth Amendment.

## ARGUMENT

Under the Fourth Amendment, "the home is first among equals." *Florida v. Jardines*, 569 U.S. 1, 6 (2013). The Amendment's "very core" establishes "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Id.* (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)). To protect against this unreasonable intrusion, the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend. IV. The specificity required by the Warrants Clause has two distinct aspects: particularity and breadth. "Although somewhat similar in focus, these are two distinct legal issues: (1) whether the items listed as 'to be seized' in the warrant were overbroad because they lacked probable cause and (2) whether the warrant was sufficiently particularized on its face to provide the necessary guidelines for the search by the executing officers." *United States v. Zemlyansky*, 945 F. Supp. 2d 438, 450 (S.D.N.Y. 2013) (quotation marks omitted). The basic impetus for the particularity and breadth requirements was the elimination of general searches. *See Stanford v. Texas*, 379 U.S. 476, 486 (1965) ("[T]he Fourth and Fourteenth Amendments guarantee to [the defendant] that no official of the State shall ransack his home and seize his books and papers under the unbridled authority of a general warrant."); *United States v. Shi Yan Liu*, 239 F.3d 138, 140 (2d Cir. 2000). "Courts implement the particularity requirement by insisting that warrants not 'leave to the unguided discretion of the officers executing the warrant the decision as to what items may be seized.'" *United States v. Wey*, 256 F. Supp. 3d 355, 380 (S.D.N.Y. 2017) (quoting *Zemlyansky*, 945 F. Supp. 2d at 453). The requirement "makes general searches . . . impossible and prevents the seizure

2

of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927).

These requirements "are not 'formalities.'" *United States v. Voustianiouk*, 685 F.3d 206, 210 (2d Cir.

2012) (quoting *McDonald v. United States*, 335 U.S. 451, 455 (1948)). "The uniformly applied rule is

that a search conducted pursuant to a warrant that fails to conform to the particularity requirement

of the Fourth Amendment is unconstitutional." *Massachusetts v. Shepherd*, 468 U.S. 981, 988 n.5

(1984). A search warrant is overbroad if its "description of the objects to be seized . . . is broader

than can be justified by the probable cause upon which the warrant is based." *Wey*, 256 F. Supp. 3d

at 382. Probable cause is demonstrated where "the totality of circumstances indicates a 'fair

possibility that contraband or evidence of a crime will be found in a particular place.'" *Walczyk v. Rio*,

496 F.3d 139, 156 (2d Cir. 2007) (citations omitted). General searches have been described as

"especially pernicious," and they "have long been deemed to violate fundamental rights." *Shi Yan*

*Liu*, 239 F.3d at 140 (citation and quotation marks omitted).

Mr. Shelton challenges the constitutionality of the following warrants:

- The October 10, 2018, search warrant for the premises known as ███████████ ██████████████████████████ (Ex. A, "October 2018 Residence Warrant");

- The October 10, 2018, search warrant for the red and black ███████████ ██████████████████████ (Ex. A, "October 2018 Vehicle Warrant");[2]

- The December 13, 2018, search warrant for the premises known known as ███ ██████████████████████ (Ex. B, "December 2018 Residence Warrant").

## I.   The October 2018 Residence Warrant

On October 10, 2018, FBI Special Agent Michael Zoufal applied for a search warrant for

████████████████████████████████████████████

████████████████████████████████████████████

---

[2] The October 2018 Residence Warrant and the Vehicle Warrant were requested by FBI Special Agent Michael Zoufal in the same application, using the same supporting affidavit, but granted as separate warrants. *See* Ex. A.



██████ . It purportedly authorized the seizure of a breathtaking array of both tangible and intangible

"items to be seized":

---

³ The warrant's overbreadth and lack of particularity with respect to ████████████████████████████ is addressed separately in a Motion to Suppress Electronic Devices and Electronically Stored Information Illegally Seized (the "Devices Motion"), filed concurrently with this motion and incorporated by reference herein. Counsel has devoted a separate motion to the electronic devices seized pursuant to the October 10, 2018 residence and vehicle warrants due to the additional and unique considerations electronic devices and electronically stored information (ESI) involve. *See, e.g.*, *Riley v. California*, 573 U.S. 373, 396 (2014) ("[A] cell phone search would typically expose to the government far *more* than the most exhaustive search of a house."); *United States v. Galpin*, 720 F.3d 436, 446 (2d Cir. 2013) (where "the property to be searched is a computer hard drive, the particularity requirement assumes even greater importance" because a computer hard drive is "akin to a residence in terms of the scope and quantity of private information it may contain.").



The Residence Warrant is overbroad, lacking in probable cause for the places to be searched and the items to be seized; insufficiently particular; and materially misleading. As such, the evidence gathered pursuant to the warrant should be suppressed under the Fourth Amendment.

### A. The Overbreadth of the Warrant as a Whole Renders It Invalid

Looking at the wording of the warrant's "items to be seized," it is hard to imagine any corner, pocket, or container inside Mr. Shelton's home that could not have been justifiably searched, or any item containing letters or numbers that could not have been seized. This is because there is effectively no language limiting the scope of the items to be seized or the places to be searched in a meaningful way.

---

[4] *See supra* note 2.

[5] The application of the warrant as to electronic devices is addressed in the Devices Motion.

█████████████████████████████████████████ When a warrant describes the objects of a search in unduly "general terms,' it "raises the possibility that there does not exist a showing of probable cause to justify a search for them." 2 LaFave, *Search and Seizure*, § 4.6(a) (4th ed. 2004). The overall breadth of the warrant as a whole justifies exclusion of all of the items seized from the home.

### B.  The Absence of Any Limit on the Places Within the Residence to be Searched Renders the Warrant Invalid

The Residence Warrant was overbroad because it placed no limit on the particular places within the residence to be searched. The residence at ████████████████ is a ███████████ ███████████████████████████████ Law enforcement scoured every corner of the entire home, seizing items from all four bedrooms as well as other parts of the house. The warrant affidavit acknowledges that █████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████, in clear violation of the Fourth Amendment,[6] but the affidavit ████████████████████████████████ ████████████████████████████████████████████████████ The government made no effort to determine which bedrooms belonged to whom, or if certain areas of the home were otherwise used only or primarily by a person other than Mr. Shelton. The government had no probable cause to search the entire house and seize items from every single bedroom and other areas of the home for which it had no probable cause to believe that items that had any relevance to the subject offenses would be located. ████████████████████████████ ███████████████████and nowhere in the affidavit are any facts provided to provide any probable cause

---

[6] The warrant's authorization to seize and review electronic storage media used and owned by other individuals is addressed in the separate Devices Motion.

that any of ▮ own property in the home, or anything in ▮ room, would have any relevance to the alleged crimes in this case.

It is well-established that the probable cause requirement of the Fourth Amendment is location-specific: there must be "a fair probability that contraband or evidence of a crime will be found in a *particular place.*" *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (emphasis added). Probable cause must be based on "a sufficient nexus between the criminal activities alleged" and the location or items searched. *United States v. Singh*, 390 F.3d 168, 182 (2d Cir. 2004). The search warrant here, by providing no limit on the areas of the residence to be searched, went far beyond the "general, exploratory rummaging in a person's belongings" that the Fourth Amendment was designed to prevent. *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

### C. The Absence of Probable Cause and Particularity for Each of the Categories of Items to be Seized Renders the Warrant Invalid

In addition to the warrant as a whole being overbroad, each category of items "to be seized" in the warrant suffers from both overbreadth and insufficient particularity. "An otherwise unobjectionable description of the objects to be seized is defective if it is broader than can be justified by the probable cause on which the warrant is based." 2 LaFave, *Search and Seizure*, § 4.6(a). This is true not just of the warrant overall, but of each and every category of items. Further, taken together, the list of items to be seized effectively permitted the type of "general, exploratory rummaging" prohibited by the Fourth Amendment. *Andresen v. Maryland*, 427 U.S. 463, 480 (1976). A generic catch-all provision tacked on at the end of the list further ensured that this was so. Each category of items is addressed in turn below.

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(emphasis added), which made "unclear what is its precise scope or what exactly it is the agents are expected to be looking for during the search." *United States v. Bridges*, 344 F.3d 1010, 1017-18 (9th Cir. 2013). This is true of almost all of the other categories of items to be seized, which use similar phrasing such as "any evidence" and "any items."

2. ████████████████████████████████

The warrant unconstitutionally permits the seizure of ████████████████
████████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████
███████████████████ No guidance at all is provided in the warrant or affidavit to cabin the limitless scope of this category.

3. ███████████████████████████████

The warrant unconstitutionally permits the seizure of ████████████████
████████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████ This category of items as

described in the warrant left *everything* to the discretion of the executing officers, in clear violation of

the Fourth Amendment. *See Arizona v. Gant*, 556 U.S. 332, 345 (2009) (principal goal of Fourth

Amendment's warrant requirements is to disable police officers' unbridled discretion to rummage at

will among a person's private effects).

**4.** ████████████████████████████████

The warrant unconstitutionally permits the seizure of ████████████████████

██████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████. *See, e.g., United States v. Lucidonio,* No. 20-

211, 2022 WL 789164 (E.D. Pa. Mar. 15, 2022) (finding "that the warrants fail to satisfy the particularity requirement, and are overbroad, insofar as they authorized the seizure of 'all cash' at the subject locations. 'All cash' is an overly broad description because it contains no limitation on which cash could be seized nor provided details as to how 'all cash' at Tony Luke's and Tony Luke's Commissary was connected with criminal activity."). The affidavit also provides no probable cause for the specific seizure of "████████████████████████████████████████████
████████████████████████████████████
████████████████████████

The warrant unconstitutionally permits the seizure of ████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████
████████████

Further, the information provided by the informant is stale. The affidavit does not provide any dates or time frame on which ████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
██████████████████████ *See United States v. Wagner*, 989 F.2d 69, 75 (2d Cir. 1993) ("[T]he facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of

the time of the search and not simply as of some time in the past."). This Court has held that information can go stale in as little as a month for the purposes of establishing probable cause. *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).

6. 

The warrant unconstitutionally permits the seizure of

This language effectively allowed the executing officers to seize whatever they found that they believed was from within that time frame, such as an invitation to a child's school football game, or even prior to or after that time frame, such as a medical record referring to the results of a previous appointment.

7.

The warrant unconstitutionally permits the seizure of

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

This category of items as described is also insufficiently particular because it provides no guidance as to ███████████████████████████████. ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████. Permitting broad seizures of items regarding general associations with groups of people is "constitutionally intolerable." *Stanford*, 379 U.S. at 486 (holding that the language "books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas, and the operations of the Communist Party in Texas" was "indiscriminate sweep[ing] language" and unconstitutional).

**8.** ████████████████████████████████████ █████████████

The warrant unconstitutionally permits the seizure of "████████████████████████ ████████████████████████████████████████

---

[7] █████████████████████████████████████████████████ ████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████

Such items have no relevance to the subject offenses. Special Agent Zoufal does not even claim in the affidavit that they do, or tie any ████████████████, and ███████████████ █████████████████████ with the subject offenses, or any criminal activity at all. This is merely an underhanded authorization to seize information regarding general association with groups of people, which, again, has been found to be "constitutionally intolerable." *Stanford*, 379 U.S. at 486; *see also Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) ("A persons mere propinquity to others independently suspected of criminal activity does not, without more give rise to probable cause to search that person."); *United States v. Coreas*, 419 F.3d 151, 157 (2d Cir. 2005) ("Where an organization is not so 'wholly illegitimate' that membership itself necessarily implies criminal conduct, membership alone cannot provide probable cause").

The seizure of this category of items as described also suffers from a lack of particularity. Its broad language would justify, for example, the seizure of ████████████████████████████ ████████████████████████████████████████████. Due to the absence of any temporal limit, it would also justify the seizure of any item regardless of how old it was. As a hypothetical, ████████████████████████████████████████████████ ███████████████████████████████████████████████████ the warrant would justify its seizure even though there would be absolutely no nexus between such item and the subject offenses in this case.

13

This category of items further violates the particularity requirement due to its use of the phrasing "including but not limited to." *See Bridges*, 344 F.3d at 1017-18 (finding the phrase "including but not limited to" extraordinarily offensive to the particularity requirement because "if the scope of the warrant is 'not limited to' the specific records listed on the warrant, it is unclear what is its precise scope or what exactly it is the agents are expected to be looking for during the search.").

9. ███████████████████████████████
████████████████

The warrant unconstitutionally permits the seizure of ████████████████
███████████████████████████████████████
██████████████████████████████████
█████████████████████████████████
███████████████████████████████████
██████████████████████████████████
███████████████████████████████████
█████████████████████████████████
█████████████████████████
███████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████████████████████
█████████████████████████████
███████████████████████████████████
███████████████████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

This category of items as described is also both overbroad and insufficiently particular due to its complete absence of a temporal limit and any guidance to prevent officers from seizing property belonging to the other individuals that the government knew lived in the residence. It is also stale, as

███████████████████████████████████████████████████████████████████████

*See Wagner*, 989 F.2d at 75; *Rivera*, 928 F.2d at 602.

### 10. The Catch-All Provision

Finally, ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ This catch-all provision is insufficiently particular because "[m]ere reference to 'evidence' of a violation of a broad criminal statute or general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize." *United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992). ███████████

██████████████████████████████████████████████ provide no guidelines on what the broadly alleged activities would allow to be seized or not seized, or that would otherwise ensure that "nothing is left to the discretion of the officer executing the warrant." *Marron*, 275 U.S. at 196. Rather, the affidavit misleadingly indicated to the executing officers that the subject offenses involved a much broader time frame and scope of activities. ██████████████████████

███████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

In fact, the limitless nature of the warrant was borne out by the search that ensued. The

executing officers 

. It is patently clear from ▮▮▮▮▮▮▮▮ that the officers were quite literally rummaging through the entire house, hoping to turn up something useful.

### D. The Warrant Was Misleading

Under *Franks v. Delaware*, a defendant may challenge a search conducted pursuant to a warrant where the affidavit submitted in support of the warrant application is alleged to be deliberately or recklessly false or misleading. *See* 438 U.S. 154, 155-56 (1978). To prevail, a defendant must show that the warrant affiant made at least recklessly false statements or omissions that were material to the issuing court's finding of probable cause. *See id.* at 156; *United States v. Rajaratnam*, 719 F.3d 139, 146 (2d Cir. 2013). The two relevant inquiries are (1) whether an affidavit was intentionally or recklessly misleading and (2) whether any misstatement or omission in the affidavit was material. *See, e.g., Rajaratnam*, 719 F.3d at 146; *United States v. Canfield*, 212 F.3d 713, 717-18 (2d Cir. 2000). To determine whether misstatements are "material," a court must set aside the falsehoods in the application and determine whether what remains supports a finding of probable cause. *See, e.g., United States v. Coreas*, 419 F.3d 151, 155 (2d Cir. 2005). For omissions, the court must determine whether, if the omitted material had been included in the affidavit, the affidavit would still establish

---

8 "Taking photographs is a 'seizure' within the meaning of the Fourth Amendment." *Ayeni v. CBS Inc.*, 848 F. Supp. 362, 368 (E.D.N.Y. 1994) (citing *United States v. Villegas*, 899 F.2d 1324 (2d Cir. 1990)).

probable cause for a search. *See Rajaratnam*, 719 F.3d at 146. And when an affidavit contains misstatements and omissions, a reviewing court does not afford any deference to the magistrate judge's probable cause determination. *See Canfield*, 212 F.3d at 717. If the defendant meets the *Franks* standard, then the "search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." 438 U.S. at 156.

In the instant warrant, there are multiple instances of misleading information contained in the supporting affidavit. ████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

██████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████



cause to believe that there would be an additional firearm in the home.

. When an affidavit for a warrant contains statements that contradict

themselves, a *Franks* hearing is required. *See United States v. McMurtrey*, 704 F.3d 502, 513 (7th Cir.

2013) ("In sum, because it is impossible to resolve the officers' factual contradictions as set forth in

[the warrant application] . . . we remand for a full *Franks* hearing."). In *McMurtrey,* the Seventh

Circuit found that when two statements directly contradict each other, "[i]t is reasonable to infer that

such direct contradictions by and between capable and careful police officers were unlikely to be

merely negligent." *Id.* at 512.

If a search warrant is void under *Franks*, the good-faith exception to the exclusionary rule

does not apply. *See United States v. Leon*, 468 U.S. 897, 923 (1984); *United States v. Reilly*, 76 F.3d 1271,

1280-81 (2d Cir. l996). ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ the warrant affidavit misrepresented

and withheld information that was critical to the magistrate judge's probable cause determination.

The information in the affidavit was materially misleading, at least reckless, and perhaps intentional.

### E.  The Warrant Gave the Executing Officers Unbridled Discretion That Led to Further Fourth Amendment Violations

The warrant granted the officers executing the search and seizure of items such unbridled

discretion that they committed additional Fourth Amendment violations after the search at the

residence was completed. The items seized from the residence on October 11, 2018, according to

████████████████████████████ ████████ . ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████

        ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████



The government was required to complete its search pursuant to the warrant by October 24, 2018, and it is unclear whether it did so.

the government cannot argue that this later seizure was justified because are not "impractical to sort onsite." *Wey*, 256 F. Supp. 3d at 404 (finding government's seizure of an entire trash bag of papers, that were then sorted offsite, was an intentional execution aimed at turning the warrant into a general warrant); *see also United States v. Markey*, 131 F. Supp. 2d 316, 327 (D. Conn. 2001) (citing that the seizure of a

briefcase that was later searched offsite was permissible only because "it was clear to the agents that it contained a significant amount of material that should be seized" and that searching it on site would have taken an inordinate amount of time because it "was so full that it could barely be closed."); *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 325 (1979) ("Nor does the Fourth Amendment countenance open-ended warrants, to be completed while a search is being conducted and items seized or after the seizure has been carried out."). The seizure of ▇▇▇▇ and all of its contents for later review was not authorized by the warrant and ▇▇▇▇ and its entire contents must be suppressed.

## II.     The October 2018 Vehicle Warrant

"One who owns and possesses a car, like one who owns and possesses a house, almost always has a reasonable expectation of privacy in it." *Byrd v. United States*, 138 S.Ct. 1518, 1527 (2018). On October 11, 2018, a few hours after he was arrested at his residence, Mr. Shelton's ▇▇▇▇ was also searched. At the time of his arrest, his ▇▇▇▇ ▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

Neither of these allegations refer to any items Mr. Shelton kept in his vehicle, or indicate that there was any probable cause to believe that items would be found in it that would be relevant to the

offenses. And even if they had, the information from both of the sources cited above was stale; by the time of the search on October 11, 2018, the incidents that are cited had taken place three months prior. *See Wagner*, 989 F.2d at 75; *Rivera*, 928 F.2d at 602.

Further, the Vehicle Warrant's "items to be seized" list is identical to the list provided for the October 2018 Residence Warrant. The government simply copied and pasted the same list of items that it claimed it had probable cause to seize from the vehicle in particular, from the list of items for the residence. This belies any claim by the government that it made any particularized determination, as required, that there was "a fair probability that contraband or evidence of a crime will be found in a *particular place*." *Gates*, 462 U.S. at 238 (emphasis added).

### III.    The December 2018 Residence Warrant

On December 13, 2018, more than two months after the government executed the October 2018 Residence Warrant, Special Agent Zoufal applied for a second warrant to search the residence. *See* Ex. B. The warrant was authorized by the Honorable Steven M. Gold the same day. *Id.* at ▮▮▮▮▮

As set forth above, the October 2018 Residence Warrant was invalid. The affidavit in support of the December 2018 Residence Warrant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, any evidence obtained pursuant to the second warrant should also be suppressed as fruit of the invalid prior warrant. *See United States v. Cacace*, 796 F.3d 176, 188 (2d Cir. 2015) ("When applicable, the exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'") (quotations omitted). In the December 2018 affidavit, the government alleges ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



████████████████████████████████████████████████ The evidence seized as a result of this second warrant was "come at by exploitation" of the original warrant's illegality and thus still has "the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). Therefore, the evidence should be suppressed. *Id.*

Additionally, the information the warrant relies ████████████████ was stale. The affidavit states ████████████████████████████████████████ ████████   *See* Ex. B at 016662. This lengthy stretch of time renders ████████████ stale for the purposes of establishing probable cause. *See Wagner*, 989 F.2d at 75; *Rivera*, 928 F.2d at 602.

Finally, the items that were actually seized when the warrant was executed on December 14, 2018—████████████—were not authorized for seizure by the warrant. The warrant authorized seizure of ████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ With limited exception, only items listed in a warrant may be seized. *See Marron*, 275 U.S. at 196 ("As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."). The limited exception is if the item seized was in plain view "*and* its incriminating character must also be immediately apparent." *Horton v. California*, 496 U.S. 128, 137 (1990) (emphasis added). That was not the case here. ████ ████████████████████████████████████████████████ The officers executing the search could not have conceivably determined, much less found "immediately

apparent," that these ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

not listed in the warrant as "items to be seized," and their seizure did not meet the requirements of

the plain view doctrine; the █████████████ should therefore be suppressed.[10]

## IV. Suppression Is Necessary to Deter Government Misconduct and Blanket Suppression Is Warranted

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness[.]'" *Brigham City v.*

*Stuart*, 547 U.S. 398, 403 (2006). This governs both the Fourth Amendment analysis and the

acceptable execution of a search warrant. *See United States v. Ramirez*, 523 U.S. 65, 71 (1998). No

reasonable law enforcement agent can rely upon unparticularized and overbroad warrants, which

lack a sufficient nexus between the asserted probable cause and the areas to be searched. *Cf. United*

*States v. Leon*, 468 U.S. 897 (1984). Instead, search and seizure pursuant to an obviously deficient

warrant is, like a warrantless search and seizure, presumptively unreasonable. *Groh v. Ramirez*, 540

U.S. 551, 558- 59 (2004); *see also Coolidge*, 403 U.S. at 469. Therefore, suppression is warranted here.

Further, the warrants here were so wildly overbroad and lacking in particularity that

severance of any valid parts that may remain would be inappropriate. *See United States v. Galpin,* 720

F.3d 436, 449 (2d Cir. 2013) ("Even where parts of the warrant are valid and distinguishable,

severance may be inappropriate."). Severance is not appropriate where, as here, "the sufficiently

particularized portions make up only an insignificant or tangential part of the warrant." *George*, 975

F.2d at 79-80.

---

[10] █████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████

Taken in conjunction with the seizure of ▮ electronic devices from Mr. Shelton's residence and vehicle,[11] the searches here unquestionably resembled general searches into every aspect of Mr. Shelton's life, with no adequate safeguards in place. The "government agents effect[ed] a widespread seizure of items that were not within the scope of the warrant, and [did] not act in good faith." *Wey*, 256 F. Supp. 3d at 410 (internal citation and quotation marks omitted). "The rationale for blanket suppression is that a search that greatly exceeds the bounds of a warrant and is not conducted in good faith is essentially indistinguishable from a general search." *Shi Yan Liu*, 239 F.3d at 141; *Accord United States v. Cardwell*, 680 F.2d 75, 78-79 (9th Cir. 1982); *United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir. 1988). The government's actions in seizing and searching such a large volume of unresponsive material demonstrates "grossly negligent or reckless disregard of the strictures of the Fourth Amendment, and that is sufficient to infer a lack of good faith. . . . These are precisely the sort of circumstances, rare or not, that call for blanket suppression." *Wey*, 256 F. Supp. 3d at 410. The government's reckless disregard is especially evident here given the additional grave problems with the search warrants, including the misleading and reckless misrepresentations and omissions, the seizure of property not belonging to Mr. Shelton, and the lack of nexus between much of the information seized and the probable cause asserted. The Fourth Amendment should guarantee to Mr. Shelton, no less than anyone else, "that no official of the State shall ransack his home and seize his books and papers under the unbridled authority of a general warrant." *Stanford*, 379 U.S. at 486.

## CONCLUSION

Because of the illegal actions of law enforcement in this case, all evidence obtained as a result of that unconstitutional conduct should be suppressed. Mr. Shelton requests leave to file any additional motions which may become necessary based on the government's response, disclosure of

---

[11] *See* the Devices Motion.

additional information, or newly discovered facts as a result of his ongoing investigation into this case.

Dated: April 29, 2022

Respectfully submitted,

Susan K. Marcus, Esq,
Elisa Y. Lee, Esq.
Law Firm of Susan K. Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
susan@skmarcuslaw.com

*Attorneys for Bushawn Shelton*