UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

BUSHAWN SHELTON,

           Defendant.

18 Cr. 609 (RJD)

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO SUPPRESS CELL PHONE RECORDS

Susan K. Marcus
Elisa Y. Lee
Law Firm of Susan K. Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
susan@skmarcuslaw.com

*Attorneys for Bushawn Shelton*

Defendant Bushawn Shelton, by and through undersigned counsel, respectfully moves this Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and the Fourth Amendment to the United States Constitution, to suppress cell phone records and information—including call detail records and cell-site location information (CSLI)—obtained from cell phone service providers pursuant to invalid search warrants.

## BACKGROUND

On September 11, 2018, FBI Special Agent Michael Zoufal applied for a search warrant to AT&T for information associated with a cell phone assigned call number ( ▮▮▮ ) ("▮▮ Call Detail and CSLI Warrant"). *See* Ex. A. The warrant requested subscriber and account information, and all information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The application contained a supporting affidavit stating that the requested information "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."

On September 18, 2018, Special Agent Zoufal applied for a search warrant to AT&T for prospective information about the location of the cell phone assigned call number ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("▮ Prospective CSLI Warrant").[1] Ex. B at

---

[1] This warrant refers to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

████ . ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████



██████████

In the early morning hours of October 11, 2018, Mr. Shelton was arrested at his home, which was searched that morning along with his vehicle. During those searches, a total of ██ electronic devices was seized, including ██ cell phones.[2]

Five days later, on October 16, 2018, Special Agent Zoufal applied for a search warrant to T-Mobile for information associated with a cell phone assigned call number ████████████ ██████████████████████. See Ex. C. The warrant requested, among other things, ██████ ████████████████████████████████████████████

---

application for it, in discovery and has requested, but not yet received, copies from the government. Counsel has also requested copies of two additional search warrants for call detail and CSLI records that appear to be missing in discovery. Counsel reserves the right to make additional arguments and file additional motions, if necessary, upon disclosure of additional information from the government.

[2] The searches of the residence, ██████████████████████████████████████, are the subject of a separate motion to suppress. The search and seizure of electronic devices specifically, and the ESI obtained from them, is also the subject of a separate motion to suppress.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

Mr. Shelton challenges the constitutionality of the above three warrants for cell phone records.

## ARGUMENT

### I. The ███ Call Detail and CSLI Warrant Relies Solely on Uncorroborated Information Provided by an Informant That Lacks Probable Cause

The supporting affidavit for the ███ Call Detail and CSLI Warrant cites ███



███████████████ In the context of police informants, to decide whether a confidential witness or informant's information provides probable cause to support a search warrant, a court must consider the totality of the circumstances, including the informant's veracity, reliability, and basis for knowledge, as well as whether the informant's information has been corroborated by independent police investigation. *See, e.g., Illinois v. Gates*, 462 U.S. 213, 228-30 (1983); *McColley v. County of Rensselaer*, 740 F.3d 817, 823 (2d Cir. 2014).

The ███ Call Detail and CSLI Warrant contains no facts for the Court to determine the reliability of the informant. As the informant is the sole source of the information purporting to tie Mr. Shelton to the phone number, this warrant is thus invalid. *See United States v. Wagner*, 989 F.2d 69, 72-73 (2d Cir. 1993) ("Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence. If a substantial amount of

3

information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that he provides, though uncorroborated, is also reliable."); *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006) ("While independent corroboration of a confidential informant's story is not a *sine qua non* to a finding of probable cause, . . . in the absence of any indicia of the informant['s] reliability, courts insist that the affidavit contain substantial independent police corroboration") (citations omitted).

Further, with respect to CSLI in particular, the Supreme Court has recognized that the collection of such information is a particularly invasive violation of an individual's privacy requiring sufficient probable cause and particularity. In *Carpenter v. United States*, 138 S. Ct. 2206 (2018), the Supreme Court detailed how individual CSLI, which modern cell phones generate in "increasingly vast amounts," allows the government to create a "comprehensive record of the person's movements." *Id.* at 2212, 2216-17. A person has a reasonable expectation of privacy "in the whole of their physical movements," and as such, "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI." *Id.* As set forth above, the ▓ Call Detail and CSLI Warrant requested historical CSLI for a nearly nine-month period, but was not supported by probable cause. A central aim of the framers of the Constitution and the Fourth Amendment was "to place obstacles in the way of a too permeating police surveillance." *Id.* at 2214. Given the readiness of cell phone service providers to hand over to the government, upon request, such "increasingly vast amounts" of information about the daily lives of individuals, the Fourth Amendment would be eviscerated if all that was required to obtain such records was the statement of an unreliable, unverified, uncorroborated confidential informant.

## II. The Date Range of the ▓ Call Detail and CSLI Warrant Is Both Overbroad and Insufficiently Particular

The ▓ Call Detail and CSLI Warrant requests records ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4



The warrant is thus both overbroad and insufficiently particular. See *United States v. Abboud*, 438 F.3d 554, 576 (6th Cir. 2006) (warrant overbroad when law

---

[3] ███████████████████████████████████████████

enforcement knew that the evidence in support of probable cause revolved only around a three-month period in 1999; the authorization to search for evidence irrelevant to that time frame described as "rummaging"); *United States v. Cerna*, No. CR 08-0730 WHA, 2010 U.S. Dist. LEXIS 145991, at *53-54 (N.D. Cal. Sept. 22, 2010) (holding the date range of the search warrant for cell phone records was overbroad and insufficiently particular because, while the affidavit established there was probable cause to seize cell phone records in relation to a homicide, the affidavit did not establish probable cause to seize the records from months before the date of the homicide).

### III. The ▮ Prospective CSLI Warrant and the ▮ Call Detail and CSLI Warrant Were Based on Information Obtained Illegally

The supporting affidavit for the ▮ Call Detail and CSLI Warrant relies on information that was obtained as a result of the illegal search of ▮ on October 11, 2018—specifically, that the government discovered the ▮ phone number, and its alleged tie to Mr. Shelton, because it was one of the cell phones that was recovered during the search of Mr. Shelton's residence on October 11, 2018; the affidavit states that ▮ set forth in a separate motion to suppress being filed concurrently with this motion, the search of ▮ on October 11, 2018 was illegal, requiring the suppression of all items seized during that search. *See United States v. Cacace*, 796 F.3d 176, 188 (2d Cir. 2015) ("When applicable, the exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'") (quotations omitted).

The supporting affidavit for the ▮ Prospective CSLI Warrant (dated September 18, 2018) also relies on information illegally obtained. As set forth above, the prior warrant regarding the same phone number—the ▮ Call Detail and CSLI Warrant (dated September 11, 2018)—is invalid.

6

However, it is apparent that the government used the information it received from AT&T in response to the ███ Call Detail and CSLI Warrant to make its determination that Mr. Shelton was associated with the ███████ phone number; this formed the basis for Special Agent Zoufal to then request prospective CSLI with the ███ Prospective CSLI Warrant.[4] Specifically, the factual sections of the supporting affidavits for both warrants are essentially identical, except that the ███ Prospective CSLI Warrant was updated to state ████████████████████████████ ██████████████.

The records and information received by the government in response to the ███ Prospective CSLI Warrant and the ███ Call Detail and CSLI Warrant must therefore be suppressed.

## CONCLUSION

For the reasons stated above, the cell phone records and information obtained from AT&T and T-Mobile pursuant to invalid warrants should be suppressed. Mr. Shelton requests leave to file any additional motions which may become necessary based on the government's response, disclosure of additional information, or newly discovered facts as a result of his ongoing investigation into this case.

Dated: April 29, 2022

                                                                                 Respectfully submitted,

                                                                                  */s/ Susan K. Marcus*

                                                                                  Susan K. Marcus
                                                                                  Elisa Y. Lee
                                                                                  Law Firm of Susan K. Marcus LLC
                                                                                  29 Broadway, Suite 1412

---

[4] According to discovery produced by the government, the government received the records requested by the ███ Call Detail and CSLI Warrant—including subscriber and account information, call detail records, and CSLI—on September 13, 2018.

                                      New York, NY 10006
                                      susan@skmarcuslaw.com

*Attorneys for Bushawn Shelton*