UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

BUSHAWN SHELTON,

Defendant.

18-CR-609 (RJD)

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO SEVER COUNTS AND DEFENDANTS[1]

Susan K. Marcus
Elisa Y. Lee
Law Firm of Susan K. Marcus
29 Broadway, Suite 1412
New York, NY 10006
susan@skmarcuslaw.com

*Attorneys for Bushawn Shelton*

---

[1] FILED UNDER SEAL

# TABLE OF CONTENTS

*I.* **PRELIMINARY STATEMENT** ................................................................1

*II.* **STATEMENT OF FACTS** .....................................................................1

*III.* **ARGUMENT** ...........................................................................................1

   A.  **Mr. Shelton's Case Must Be Severed From His Codefendants** .................2

      1.  Multiple Prosecutors .............................................................................3

      2.  Management Issues Warrant Severance ...............................................6

      3.  █████████████████████████ ..................................................7

      4.  Danger of Spillover Prejudice ............................................................10

      5.  Mr. Shelton Needs Additional Time to Prepare for Trial ..................11

   B.  **Sever or Bifurcate Counts Five and Six** ...............................................12

*IV.* **CONCLUSION** .......................................................................................15

i

# TABLE OF AUTHORITIES

CASES

*Bruton v. United States*, 391 U.S. 123 (1968) --------------------------------------------------------- 7
*Cross v. United States*, 335 F.2d 987 (D.C. Cir. 1964) ---------------------------------------- 16
*Cruz v. New York*, 481 U.S. 186 (1987)--------------------------------------------------------- 11
*United States v. Ayala-Lopez*, 319 F.Supp. 2d 236 (D.P.R. 2004)-------------------------------6, 7
*United States v. Branker*, 395 F.2d 881 (2d Cir. 1968) ---------------------------------------- 11
*United States v. Carrasco*, 968 F. Supp. 948, (S.D.N.Y. 1997) ------------------------------- 11
*United States v. Carson*, 702 F.2d 351 (2d Cir. 1982) ---------------------------------------- 11
*United States v. Copeland*, 336 F.Supp.2d 223 (E.D.N.Y. 2004) ------------------------------ 10
*United States v. Desantis*, 802 F.Supp. 794 (E.D.N.Y. 1992) --------------------------------- 14
*United States v. Dockery*, 955 F.2d 50 (D.C. Cir. 1992) ------------------------------------- 14
*United States v. Green*, 324 F. Supp. 2d 311 (D. Mass. 2004) -------------------------------- 10
*United States v. Martinez*, 1993 U.S. Dist. LEXIS 11565, 1993 WL 322768 (S.D.N.Y. 1993) ---------- 13
*United States v. Nordlicht*, 2018 U.S. Dist. LEXIS 63890 (E.D.N.Y. 2017) ----------------------5, 7
*United States v. Odom*, 888 F.2d 1014 (4th Cir. 1989)----------------------------------------- 10
*United States v. Praetorious*, 462 F.Supp. 924 (E.D.N.Y. 1978) ------------------------------- 11
*United States v. Rittweger*, 524 F.3d 171 (2d Cir. 2008)--------------------------------------- 3
*United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008)------------------------------------- 13
*United States v. Romanello*, 726 F.2d 173 (5th Cir. 1984)------------------------------------- 10
*United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004) --------------------------------------- 16
*United States v. Serpoosh*, 919 F.2d 835 (2d Cir. 1990) -------------------------------------- 9
*United States v. Sheikh*, 654 F.2d 1057 (5th Cir. 1981)--------------------------------------- 10
*United States v. Shkreli*, 260 F. Supp. 3d 247 (E.D.N.Y. 2017)---------------------------- 6, 7, 8, 11
*United States v. Tsanges*, 582 F. Supp. 237 (S.D. Ohio 1984) -------------------------------- 11
*United States v. Wilson*, 11 F.3d 346 (2d Cir. 1993)------------------------------------------ 3
*United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003) ----------------------------------------- 9
*Zafiro v. United States*, 506 U.S. 534 (1993)-----------------------------------------------2, 3, 6, 7

RULES

Fed. R. Crim. P. 8(a) ------------------------------------------------------------------------ 2
Fed. R. Crim. P. 14(a) ----------------------------------------------------------------------- 3
Fed. R. Evid. 404(b) ------------------------------------------------------------------------- 14

## I.     PRELIMINARY STATEMENT

Bushawn Shelton respectfully submits this Memorandum of Law in support of his pre-trial motion for an Order severing his case from his codefendants; for severing or bifurcating two counts from the Indictment; and for such other and further relief as this Court may deem just and proper.

## II.     STATEMENT OF FACTS

This is a 10-person indictment, charging murder for hire, murder for hire conspiracy, causing the death through use of a firearm, being a felon in possession of firearm, perjury and possession of contraband in prison. As of this writing, seven of the 10 individuals charged in the indictment are proceeding to trial, and one of those seven has a scheduled date to plead guilty. ████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

███████████████████

## III.     ARGUMENT

Pursuant to Federal Rule of Criminal Procedure, only offenses "of the same or similar character, or … based on the same act or transaction, or … connected with or constitute[ing]

part of a common scheme or plan" may be properly joined in a single indictment. Fed. R. Crim. P. 8(a). As for joining defendants, an indictment or information may charge multiple defendants who allegedly "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Supreme Court has recognized and reaffirmed "a preference in the federal system for joint trials of defendants who are indicted together" because they promote efficiency and prevent the injustice of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Nevertheless, if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

### A. Mr. Shelton's Case Must Be Severed From His Codefendants

Mr. Shelton's case should be severed from his codefendants. The court should sever defendants who are properly joined under Rule 8(b) when the prejudice against a defendant is so great that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008) (quoting *Zafiro*, 506 U.S. at 539). A joint trial can prejudice a defendant when it introduces "what is in effect a second prosecutor into a case, by turning each codefendant into the other's most forceful adversary." *Zafiro*, 506 U.S. at 544. "When severance is requested on the ground that mutually exclusive defenses require it, the trial court must consider the substantial possibility of prejudice." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991).

Such a risk may be heightened where, for example, "many defendants are tried together in a complex case and they have markedly different degrees of culpability . . . ." *Zafiro*, 506 U.S. at 539. Prejudice warranting severance may also be present if "essential exculpatory evidence that would be

available to a defendant tried alone were unavailable in a joint trial." *Id.* Severance is not *per se*

required, but the determination of whether such prejudice exists is highly fact-specific and must be

evaluated on a case-by-case basis. *Id.* The decision of whether to sever a trial is committed to the

sound discretion of the district court. *See United States v. Wilson*, 11 F.3d 346, 353 (2d Cir. 1993).

    1.  Multiple Prosecutors

A particular prejudice occurs when codefendants act as a second prosecutor. In this case, ▮



The Court in *Tootick*

outlined multiple ways that an antagonistic codefendant can impair a defendant's right to a fair trial.

> The existence of this extra prosecutor is particularly troublesome because the defense counsel are not always held to the limitations and standards imposed on the government prosecutor. Opening statements… can become a forum in which gruesome and outlandish tales are told about the exclusive guilt of the "other" defendant. In this case, these claims were not all substantiated by the evidence at trial. Counsel can make and oppose motions that are favorable to their defendant, without objection by the government.

> Cross-examination of the government's witnesses becomes an opportunity to emphasize the exclusive guilt of the other defendant or to help rehabilitate a witness that has been impeached. Cross-examination of the defendant's witnesses provides further opportunities for impeachment and the ability to undermine the defendant's case. The presentation of the codefendant's case becomes a separate forum in which the defendant is accused and tried. Closing arguments allow a final opening for codefendant's counsel to portray the other defendant as the sole perpetrator of the crime.

---

[2] ▮▮▮▮▮▮

Joinder can provide the individual defendants with perverse incentives. Defendants do not simply want to demonstrate their own innocence, they want to do everything possible to convict their codefendants. These incentives may influence the decision whether or not to take the stand, as well as the truth and content of the testimony.

The joint trial of defendants advocating mutually exclusive defenses produces fringe benefits for the prosecution. Joinder in these cases can make a complex case seem simple to the jury: convict them both.

The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the logical contradiction inherent in the defendants' positions. While the defendants' claims contradict each other, each claim individually acts to reinforce the government's case. The government is further benefited by the additive and profound effects of repetition. Each important point the government makes about a given defendant is echoed and reinforced by the codefendant's counsel.

Joinder of defendants who assert mutually exclusive defenses has a final subtle effect. All evidence having the effect of exonerating one defendant implicitly indicts the other. The defendant must not only contend with the effects of the government's case against him, but he must also confront the negative effects of the codefendant's case.

*Tootick*, 952 F.2d at 1082-83.

For Mr. Shelton, ████████████████████████████████████████████

████████████████████████. This Court in *United States v. Nordlicht* found that severance was warranted because the codefendant's inclusion in a joint trial "would essentially make his co-defendants face prosecution on two fronts: one attack brought by the Government, and another leveled by Shulse." *United States v. Nordlicht*, 2018 U.S. Dist. LEXIS 63890 *8-9 (E.D.N.Y. 2017). The Court found that the burden on the codefendants would be too great, "having to parry off his accusations in addition to the Government's, seriously adding to the difficulty of their defense." *Id.* The Court found that the codefendants would be prejudiced because although the "government has ethical commitments and disclosure requirements, Shulse would not have parallel obligations. This would both disadvantage his co-defendants by compelling them to respond to his accusations, and secure an advantage for the Government." *Id.* at 9. This conflict "presents a situation that is an order of magnitude more severe than routine accusations and blame-shifting between co-defendants." *Id.*

*Nordlicht* found that a joint trial would confer an unfair advantage to the government. The government can rely on arguments and evidence introduced by the codefendants, "without then having to make relevant disclosures to his co-defendants…. [E]ven with rigorous limiting instructions, the jury will be confronted with a serious challenge in distinguishing the Government's case against Shulse's co-defendants from *his* defense against the Government, which will entail a virtual case against the other defendants." *Id.* at 9. The Court held that joinder risked "'prevent[ing] the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro*, 506 U.S. at 539). *See also United States v. Ayala-Lopez*, 319 F. Supp. 2d 236, 238-239 (D.P.R. 2004) (finding severance appropriate because of the "unacceptable risk of prejudice" that joinder would create. The Court noted that "the dangers inherent in joint trials become intolerable when the co-defendants become gladiators, ripping each other's defense apart. In their antagonism, each lawyer becomes the government's champion against the co-defendant, and the resulting struggle leaves both defendants vulnerable to the insinuation that a conspiracy explains the conflict" (citation omitted)).

Judge Matsumoto found in *United States v. Shkreli*, 260 F. Supp. 3d 247 (E.D.N.Y. 2017) that although one issue alone did not warrant severance, there was nonetheless a concern that joinder would impair one defendant's right to a fair trial. "Although the court finds that the defendants have not shown that their defenses are mutually antagonistic, or that the risk of spillover prejudice is so great that severance is warranted, the court has serious concerns that under the unique circumstances presented, trying the defendants together would present a serious risk that Shkreli will not receive a constitutionally fair trial." *Id.* at 256. The Court noted the "heavy burden" that a joint trial would place on Shkreli in defending himself against both the government and his codefendant. The Court found that his codefendant's lawyer would be an "echo chamber" for the prosecution. *Id.* The Court found that limiting instructions would not suffice to cure the prejudice, and there was "a serious risk that the jury would be prevented from making a reliable judgment about guilt or

innocence even with limiting instructions by the court." *Id.* The Court granted severance because Shkreli "will be substantially prejudiced by having to wage a defense on two fronts, in a single trial, before the jury. The jury's ability to make a reliable judgment maybe affected by the compounded effect of hearing the government's case in chief twice, once from the government and then again from Greebel. Such a burden on Shkreli causes the court great concern and rises to the level of 'legally cognizable prejudice' that likely meets the level of denying Shkreli a constitutionally fair trial." *Id.* at 257 (quoting *See Zafiro*, 506 U.S. at 539).

2.  Management Issues Warrant Severance

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████.[3] This will greatly lengthen the trial. The Court in *Nordlicht* found that trial management issues militated in favor of severance. *Id.* 2018 U.S. Dist. LEXIS 63890 at *9. "With Shulse included, the Court anticipates innumerable objections during openings and witness examinations and cross-examinations, along with frequent side bars. This risks adding to the complexity of an already challenging case, extending its length, and disrupting the parties' presentations, all of which will heighten the chances of jury confusion, further jeopardizing defendants' right to a fair trial." *Id; see also Ayala-Lopez,* 319 F. Supp. 2d at 239 ("no due process or prior notice requirements attach to Co-defendants, resulting essentially in the trial by ambush that the modern discovery procedure rules and court orders to that affect were explicitly designed to prevent").

---

[3] Mr. Shelton has not been given statements by any codefendants in the case. As these issues are typically raised closer to trial, and Mr. Shelton requests that the government disclose any statements made by any codefendants in this case, at a deadline set by the Court, to determine if there are issues related to *Bruton.*

Judge Matsumoto also found in *Shkreli* that there would be a likely disruption during trial of frequent objections, "a litany of side bar debates about various legal issues including limiting instructions, admissions by a co-defendant and related *Bruton* issues, and to the use of undocumented information obtained by" the codefendant. *Shkreli*, 260 F. Supp. 3d at 256. The Court noted the likelihood of "[c]onstant objections during opening statements, witness examinations and cross-examination, followed by side bars, will disrupt the flow of the trial and increase the length of the trial, will likely confuse the jury in what is already a complex case, and may risk prompting the jury to find both defendants guilty based on each defendant's arguments that he was deceived by the other, instead of deciding the case based on the evidence presented. Thus, the court finds that from a trial management perspective and to prevent substantial prejudice and jury confusion, severance is warranted." *Shkreli*, 260 F. Supp. 3d at 256-57.

    <u>3.</u>   ███████████████████████ ███████[4]

████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

———————————————

[4] ██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████

          ████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

████████████████████

Severance is justified when defenses are mutually antagonistic; when "accepting one defense requires that the jury must of necessity convict a second defendant." *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003). In *United States v. Serpoosh*, 919 F.2d 835 (2d Cir. 1990), the Second Circuit found that the codefendants' defenses were mutually antagonistic where an undercover buy of narcotics was arranged, and the two defendants in a black Buick in which the buy took place each testified with highly contradictory stories at trial, each claiming to be an "unknowing dupe" of the other and accusing the other of being the heroin—trafficker, such that "at least one of the two men in the black Buick must have been participating in a conspiracy to sell heroin." *Id.* at 837. Despite stating

that "the decision to deny a severance [is] "virtually unreviewable," *id.*, the Court reversed the conviction for failure to deny a severance. "The damage done was greatly enhanced by the sparring between counsel for the two defendants in which each characterized the other defendant as a liar who concocted his story to escape blame," noting "there was, therefore, the 'substantial prejudice' needed to reverse the denial of a severance motion." *Id.* at 838.

Similarly, in *United States v. Green*, 324 F. Supp. 2d 311 (D. Mass. 2004), severance was granted in a death penalty case for co-defendants charged with murdering a victim who died from a single gunshot wound. The court reasoned that each defendant would attempt to lay the blame on the other for the single fatal bullet, creating a "zero sum game," in which the jury could not rationally acquit both. *Id.* at 324-25. In *United States v. Odom*, 888 F.2d 1014 (4th Cir. 1989), severance of two co-conspirators was warranted when it became clear that one attorney's strategy "was to bring out any information that was detrimental and prejudicial to [the codefendant] without regard to whether such information was relevant to the charges contained in the indictment." *Id.* at 1018. The court determined that the codefendant's "attack" of his codefendant "was so unrelenting and prejudicial" that the defendant could not have received a fair trial before the same jury. *Id.*  In *United States v. Copeland*, 336 F.Supp. 2d 223 (E.D.N.Y. 2004), severance was granted because a codefendant offered, in contradiction of the government's theory, a neutral third party's exculpatory identification testimony implicating another co-defendant. *Id.* at 225. "It is not necessary for each defendant to base the core of his defense on the direct accusation of his co-defendant. Severance may be required if only one defendant accuses the other, and the other denies any involvement." *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir. 1984). "'The taking of an adversarial stance on the part of counsel for co-defendants may generate trial conditions so prejudicial to the co-defendant under multiple attack [i.e., by the government and his co-defendant's lawyer] as to deny

him a fair trial.'" *Romanello*, 726 F.2d at 179 (quoting *United States v. Sheikh*, 654 F.2d 1057, 1066 (5th Cir. 1981).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████

    4.   Danger of Spillover Prejudice[5]

Mr. Shelton respectfully moves this Court for severance pursuant to Rule 14 on the grounds of extremely prejudicial "spillover effect" from a joint trial with his codefendants and his unindicted co-conspirators and pursuant to the rulings in *Bruton v. United States* and *Cruz v. New York*, 481 U.S. 186 (1987). The danger of spillover prejudice warrants a severance under Rule 14. *United States v. Branker*, 395 F.2d 881, 888-89 (2d Cir. 1968); *see also United States v. Praetorious*, 462 F.Supp. 924 (E.D.N.Y. 1978) (prejudice to three defendants was such as to require severance of trial of the heroin importation charges against them from the conspiracy charges against the seven other defendants). In *United States v. Tsanges*, 582 F. Supp. 237, 240-41 (S.D. Ohio 1984), it was held that even if joiner of three defendants in a prosecution for mail fraud, wire fraud and interstate transportation of fraudulently obtained property based on an alleged scheme to defraud insurance companies would be proper, severance was appropriate where one of the three defendants was the primary figure in the government's case and, as evidence with respect to said defendant accumulated, it would abrogate the right of the other two defendants to a fair trial. Even with cautionary instructions, it is highly unlikely that a jury would be able to distinguish evidence

---

[5] ████████████████████████████████████████████████████
Further, Mr. Shelton needs to review the devices that were just disclosed to make a complete motion regarding what evidence may come in against him that would not otherwise come in if he were not tried jointly with his codefendants.

admissible against Mr. Shelton from that of his codefendants. *United States v. Carson*, 702 F.2d 351, 363 (2d Cir. 1982), *cert. den*. 462 U.S. 1108 (1983).

A severance is necessary and justified to serve the ends of justice for all defendants. *See United States v. Carrasco*, 968 F. Supp. 948, 951–52 (S.D.N.Y. 1997). Even if one factor alone would not warrant severance, the combination of prejudice from multiple grounds can make severance appropriate. *Id.* at 952; *Shkreli*, 260 F. Supp. 3d at 257.

### 5.  Mr. Shelton Needs Additional Time to Prepare for Trial

A trove of new discovery has just been disclosed to defense counsel, that should have been disclosed with the other discovery. It was only disclosed to Mr. Shelton at all because counsel for Mr. Shelton undertook the painstaking review of all of the discovery, the discovery letters, and noted where there were mentions of codefendants' devices seized but were not provided to him. Some of these devices have previously been provided to the codefendants, but not Mr. Shelton, for reasons unknown (in contrast, the personal contents of Mr. Shelton's devices were disclosed to all defendants at the same time, which is the subject of a separate motion).

Thus, Mr. Shelton is at a considerable disadvantage in being prepared for trial, if he were forced to go to trial in August 2022, with his codefendants. █████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

11



This will allow Mr. Shelton additional time to review the late-disclosed material, and ensure that he will not be prejudiced by the unequal disclosures in this case.

**B.  Sever or Bifurcate Counts Five and Six**

"Similar" charges include those that are "somewhat alike," or those "having a general likeness" to each other. *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008). Count Five charges Mr. Shelton with being a felon in possession of a firearm. ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ (that is the subject of a motion to suppress filed separately). We have seen no evidence that the firearm obtained from Mr. Shelton's home is connected to any of the

12

offenses charged in this case. Without any connection between the charged offenses and the firearm possession count, joinder is improper. "Joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure." *United States v. Jones*, 16 F.3d 487 (2d Cir. 1994); *see also United States v. Martinez*, 1993 U.S. Dist. LEXIS 11565, *31, 1993 WL 322768 (S.D.N.Y. 1993) ("Where, as here, the Government has shown no connection between the narcotics conspiracy and firearm possession counts, and no specific evidentiary overlap between those two counts, it cannot properly join the charges by simply establishing that both charges are related to a third count").

Because the statute violated is being a *felon* in possession, the jury will hear about Mr. Shelton's prior conviction even if he doesn't testify. This is an impermissible circumventing of Fed. R. Evid. 404(b), which provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Mr. Shelton's prior conviction would not otherwise be admissible in his trial (the prior conviction was in 2010 for conduct from 2006). Including it in this indictment would result in unfair prejudice to Mr. Shelton. *See United States v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985) ("Unfortunately, a side consequence of [18 U.S.C. 922(g)] has been to provide federal prosecutors with a powerful tool for circumventing the traditional rule against introduction of other crimes evidence. Whenever an ex-felon is charged with committing a crime involving the use of a gun, prosecutors may inform the jury of the defendants' prior convictions merely by taking the time to include a charge of firearms possession."). The Court in *Daniels* held that "[w]e do not believe Congress had such a tactic in mind when it criminalized possession of firearms by ex-felons, and we do not believe the federal judiciary should encourage or countenance this use of the law. The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption

of innocence. That exclusion and that precept must not be discarded in the name of judicial efficiency." *Id; see also United States v. Desantis*, 802 F.Supp. 794, 802-803 (E.D.N.Y. 1992) (severing the felon-in-possession count from extortion counts; finding that the prejudice of joinder outweighed the minimal strain on the Court for felon-in-possession trial which should last no more than two days); *United States v. Dockery*, 955 F.2d 50 (D.C. Cir. 1992) (district court abused its discretion in failing to grant bifurcated trial or to fashion other procedures sufficient to curb prejudice from inclusion of ex-felon count).

Nor will limiting instructions be sufficient to cure any prejudice. In fact, a limiting instruction would only amplify the fact of Mr. Shelton's prior conviction. *See Jones*, 16 F.3d at 492-93 ("[i]n the course of giving this limiting instruction, the judge reminded the jurors repeatedly that Jones was a convicted felon as he simultaneously asked them to put this consideration out of their minds when deciding if the bank employees had identified the right man. Of course, jurors are presumed to follow instructions from the court.  But it would be quixotic to expect the jurors to perform such mental acrobatics called for by the district judge.") (citations omitted); *Daniels*, 770 F.2d at 118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities"). Inclusion of this count is highly prejudicial, and we ask that the Court sever or bifurcate Count Five from this Indictment.

Count Six charges Mr. Shelton with perjury, for allegedly making a false statement on his financial form when being interviewed by Pretrial Services. Mr. Shelton was represented by the Federal Defenders at his arraignment. The government's allegation of perjury caused the Federal Defenders to withdraw, because they were turned into a witness for Mr. Shelton. The government's basis for the perjury charge is that Mr. Shelton was not truthful when he did not disclose the cash that was seized from his residence (also a subject of suppression in another motion). Presumably the

government will argue that the money seized is relevant to the case. Whether the money would be admissible is distinct from the proper joinder of the perjury charge. The perjury charge is irrelevant to this case.  When Mr. Shelton's attorney filled out the financial form, that money had been seized by the government; it was not in Mr. Shelton's possession anymore. Any other inference as to Mr. Shelton's state of mind, and its relevance to the Indictment in this case, is highly speculative.

Further, Mr. Shelton may wish to testify about that charge but not anything else in the case, and by joining the two counts, the government deprives Mr. Shelton of his right to testify on his own behalf. *See United States v. Sampson*, 385 F.3d 183, 193 (2d Cir. 2004) (vacating a conviction based on the improper joinder of counts that precluded defendant from testifying as to one and remaining silent on the other); *see also Cross v. United States*, 335 F.2d 987, 990-91 (D.C. Cir. 1964) ("Cross had ample reason not to testify on Count I and would not have done so if that count had been tried separately. In a separate trial of that count the jury would not have heard his admissions of prior convictions and unsavory activities; nor would he have been under duress to offer dubious testimony on that count in order to avoid the damaging implication of testifying on only one of the two joined counts. Since the joinder embarrassed and confounded Cross in making his defense, the joinder was prejudicial within the meaning of Rule 14.").

## IV.    CONCLUSION

For all the foregoing reasons, Bushawn Shelton respectfully requests that the Court grant the severance from his codefendants, or any relief the Court deems just and proper.

Dated: April 29, 2022

Respectfully submitted,

Susan K. Marcus, Esq.
Elisa Y. Lee, Esq.
Law Firm of Susan K. Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
susan@skmarcuslaw.com

*Attorneys for Bushawn Shelton*

16