Law Firm of
**Susan K Marcus, LLC**
29 Broadway, Suite 1412, New York, NY 10006
T: 212-792-5131 • F: 888-291-2078 • E: susan@skmarcuslaw.com

July 1, 2022[1]

VIA ECF

Honorable Raymond J. Dearie
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

In re:   *United States v. Shelton*, 18-CR-609 (RJD)

Dear Judge Dearie:

On behalf of defendant Bushawn Shelton, we write to concur and join in the opposition, filed by counsel for co-defendant Anthony Zottola (ECF No. 384), to the government's Motion for an Anonymous and Partially Sequestered Jury, and to add the following points relating to Mr. Shelton in particular.

*Characterization of Mr. Shelton*

The government argues that several of the defendants are members of a gang. *See* ECF No. 378 at 6. The government alleges this simply to inflame. We will be filing motions *in limine* to prevent the government's use of reference to any gang. Moreover, its tautological arguments should be rejected. The government manufactures a problem, by introducing irrelevant and inflammatory (not to mention factually inaccurate and disputed) facts, and then proposes a highly unusual and unduly prejudicial "solution" to fix the problem.

As noted further below, the government points to no evidence that Mr. Shelton's alleged affiliation with a gang gave him "access to a network of gang members and associates to engage in criminal activity or intimidation efforts even while the defendants are incarcerated." ECF No. 378 at 6. Further, the government distorts the picture of Mr. Shelton before this Court. Mr. Shelton is a 38-year-old husband and father of three. He had full-time employment when he was arrested in this case, at a staffing agency. He has been married to his wife for 18 years. The characterization of him as a "gang member" distorts reality and denies his humanity.

---

[1] We request permission to file this additional response one day after the Court's deadline of June 30, 2022. Undersigned counsel reviewed the opposition letter that was filed on behalf of all defendants by counsel for Anthony Zottola yesterday evening, and we write to provide the supplemental detail in this letter relating to Mr. Shelton.

*Prior Conviction*

The government references Mr. Shelton's prior conviction arising from an incident in April 2006, more than 16 years ago and more than 11 years before the alleged crimes in this case, to justify an anonymous and sequestered jury. The government states that Mr. Shelton has "two prior convictions involving weapons." ECF No. 378 at 6. This is incorrect and misleading on multiple levels. The government suggests in its motion that these were two separate incidents, but they were not; both convictions arose from the same April 2006 incident, and one of the convictions, as the government does acknowledge, was overturned.

Mr. Shelton has one prior conviction, for possession of a gun, which was entered pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970) ("*Alford* plea"*).* The government grossly mischaracterizes the facts of the underlying case (the assault/burglary), and uses distorted facts from an overturned conviction to justify a sequestered jury in this case. Should the government seek to introduce any facts from that case in this case, Mr. Shelton is prepared to dispute them. Mr. Shelton's conviction for the assault and burglary was overturned, and the Queens District Attorney declined to pursue the case. Therefore, Mr. Shelton maintains a presumption of innocence.

Further, in that case, Mr. Shelton's cousin was killed, and Mr. Blanco was convicted of assisting in the assault of the man who killed his cousin. Mr. Shelton was not charged in that indictment with use or possession of a gun. Only at the end of the assault and burglary trial did law enforcement, nearly *three years* after the incident, somehow recover a firearm from a vehicle, which had been impounded and remained in law enforcement custody after Mr. Shelton's arrest in April 2006 on the assault and burglary charges. And, again, Mr. Shelton plead guilty to possession of a gun pursuant to an *Alford* plea, where he maintained his innocence.

*Charges in this Indictment*

The government uses additional charges against Mr. Shelton in this indictment, of which he is also presumed innocent, to justify its request for a highly prejudicial anonymous and sequestered jury. Mr. Shelton has defenses to each of those charges. Further, even if true, those charges do not indicate any threat to a jury or the judicial process. The government characterizes them as "obstructive or illicit," ECF No. 378 at 7, but this is not enough to justify an anonymous and sequestered jury.

The perjury charge is specious. The government confiscated the cash it cites, *see id.* at 7, during the search of Mr. Shelton's residence on the day he was arrested. Mr. Shelton would not expect to be in possession of money the government had confiscated.

The contraband cell phone, *see id.* at 18, is also benign. The government has pointed to no evidence that Mr. Shelton threatened anyone, or otherwise attempted to interfere with the judicial process, using this cell phone. Mr. Shelton's wife was pregnant at the time with their first child and their home was (and still is) in a state of disrepair. The phone indicates that Mr. Shelton was being an attentive husband, not a violent gang member threatening witnesses.

Further, the government is disingenuous in its present claim that a contraband cell phone somehow indicates dangerousness or that Mr. Shelton is otherwise a threat to the judicial process. Just last month, in its response to the defendants' pre-trial motions, the government noted the ubiquitous

and unremarkable nature of contraband cell phones in jails. *See* ECF No. 359 at 113 (asserting that "inmates routinely access cellular phones, the internet and social media from jail").

Unbelievably, the government also claims that the simple fact that Mr. Shelton's wife contacted law enforcement agents seeking the return of a phone that belonged to her, is somehow evidence that Mr. Shelton "attempted to interfere with the judicial process." ECF No. 378 at 9. To begin, this is not even conduct committed by Mr. Shelton. As we argue in our motion to suppress electronic devices, the government indiscriminately seized **14** cell phones from Mr. Shelton's residence, where he lived with his wife. *See* ECF No. 324 at 10, 16-17. Indeed, the government's search warrant for the residence, which we maintain was wholly invalid, expressly authorized the seizure of any and all electronic devices found in the residence, even if they belonged to individuals other than Mr. Shelton, such as his wife. *See id.* Further, as noted in Anthony Zottola's opposition, there is nothing coercive, obstructive, or nefarious about this alleged conduct of Mr. Shelton's wife—requesting a return of seized property is expressly contemplated by Federal Rule of Criminal Procedure 41. *See* ECF No. 384 at 5.

The government can point to no acts or incidents of violence, or threats of violence, on Mr. Shelton's part since his arrest in this case. Apart from the cell phone recovered at MDC, Mr. Shelton has not had a single disciplinary infraction during his more than three-and-a-half years in pre-trial detention. In fact, he is a recreation orderly and kitchen worker and enjoys a trusted position at the MDC. The government can point to no evidence that Mr. Shelton intimidated any witnesses, or attempted to do so, or that he ever attempted to tamper with the judicial process in the past.

To the extent that the Court finds that Anthony Zottola's attempts to influence the case either before or since his arrest merit sequestration or an anonymous jury, that is another ground for severance of his case from Mr. Shelton. Mr. Shelton should not bear the burdens of Mr. Zottola's actions.

It is rich for the government to argue that the media coverage it coveted and created should be the basis for an anonymous and sequestered jury. The government has been feeding inflammatory facts to the media since this case began. *See, e.g.*, *Son of Victim Slain at McDonalds Drive-Through Indicted in Murder-For-Hire Conspiracy*, U.S. Dep't of Justice, https://www.justice.gov/usao-edny/pr/son-victim-slain-mcdonalds-drive-through-indicted-murder-hire-conspiracy. The government has waived any argument regarding prejudice by its own conduct.

For the reasons stated above and in Anthony Zottola's letter opposition at ECF No. 384, the government has not demonstrated the requisite "strong reason to believe that the jury needs protection," *United States v. Eppolito*, No. 05-CR-192 (JBW), 2006 WL 220061, at *1 (E.D.N.Y. Jan. 30, 2006), and the Court should deny the government's motion.

                                                                                Respectfully submitted,

                                                                                Susan K. Marcus, Esq.
                                                                                Elisa Y. Lee, Esq.
                                                                                *Attorneys for Bushawn Shelton*

cc: All counsel of record (via ECF)