# WL| Wright Law

**ATTORNEY AT LAW**

---

**299 Broadway, Suite 708**
**New York, NY 10007**
**Office (212) 822-1419 • Facsimile (212) 822-1463**
wrightlawnyc@gmail.com
www.wrightlaw.nyc

October 3, 2022

**VIA ECF**
The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:**    *United States* **v.** *Alfred Lopez, et al.,* **18-cr-609 (HG)**

Dear Judge Gonzalez:

    Defendant Alfred Lopez writes in regard to the Court's proposed jury instruction, and respectfully offers the following modifications to the proposed jury instruction.

1.    <u>Circumstantial Evidence</u>:

    We submit the following charge to supplement the existing circumstantial evidence charge for the proposed jury instruction:

> **"Now, whether the circumstantial evidence leads you inevitably to a particular inference is another matter. Let me give you another example. Let's say that one evening, you go into a subway station. It's a local stop and it's not rush hour. You arrive at the platform and you are surprised to find a large crowd of people waiting on the platform. You didn't expect there to be many people, but there are lots of people waiting. Now, you might infer from this fact that there must not have been a train for quite some time. But is that a strong inference or a weak inference? Put another way, is that the only inference you might draw from the circumstantial evidence of a crowded subway platform?**
>
> **It is certainly a weaker inference than the one about the snow during the night [wet raincoat example used in the proposed jury instruction], because if you think more about it, maybe there are other, equally plausible**

1

**explanations. Maybe there was a train just a minute ago that went out of service and they said, everybody off the train. Or maybe its 10:30p.m. and you are waiting at the 50th street stop of the IRT no. 1 and 9 trains and the Broadway theatres just let out. There is more than one possible plausible explanation. So in this example, you wouldn't have a strong a basis for drawing one particular inference."**

Adapted from the circumstantial evidence jury charge of Hon. Deborah A. Batts in <u>United States v. Gerbacio-Linch</u>, 00-CR-1123 (DAB) S.D.N.Y. 2001; (Tr. Pg. 1574-75). The ubiquitous "wet raincoat" example used to illustrate circumstantial evidence impermissibly skewers the entire charge in favor of the Government. We contend that Hon. Batts' circumstantial charge provides a nuanced, neutral, and unbiased charge.

2. Cooperator's Plea Agreement:

The Government entered into cooperation/plea agreements with testifying cooperating witnesses: Ron Cabey and Kalik McFarlane. As a consequence we request your Honor to add the following to the proposed jury instruction on Cooperator Testimony:

> **"However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different from an ordinary witness. A witness who realizes that he may be able to obtain his freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weight it with great care. If, after, scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves."**

Adapted from Leonard B. Sand et al., <u>Modern Federal Jury Instructions</u> (2000), Instructions 7-11, Codefendant's Plea Agreement.

Sincerely,
/s/
John Burke
&
Christopher Wright

2